IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ARTIS WHITEHEAD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:24-CV-02991 |
| ) | JURY DEMAND |
| CITY OF MEMPHIS, JAMES HOWELL, ) | |
| TERRY LYONS, ROBERT RAGLAND, ) | |
| JOSEPH PEARLMAN, VIVIAN MURRAY, ) | |
| THOMAS WARRICK, TIMOTHY GREEN, ) | |
| EDWARD BASS, ROBERT HULL, JR., ) | |
| JAMES BOLDEN, and UNKNOWN ) | |
| EMPLOYEES OF THE CITY OF MEMPHIS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT JAMES BOLDEN'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant James Bolden ("Defendant" or "Defendant Bolden") submit this Memorandum in Support of his Motion to Dismiss Plaintiff Artis Whitehead's ("Plaintiff") Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. In support of its Motion, Defendants state as follows:

**I.      INTRODUCTION**

This case arises from a 2002 robbery in Memphis' entertainment district for which Plaintiff claims he was wrongfully convicted. Plaintiff brings this action against the City of Memphis ("the City"), as well as current and former Memphis Police Department ("MPD") officers and Chiefs: James Howell, Terry Lyons, Robert Ragland, Joseph Pearlman, Vivian Murray, Thomas Warrick, Timothy Green, Edward Bass, Robert Hull, Jr., and James Bolden (collectively, "Defendant Officers"). Plaintiff also names "Unknown Employees of the City of

1

Memphis" as Defendants. Plaintiff asserts claims of Fabrication of False Evidence in Violation of Due Process, Suppression and Withholding of Exculpatory Evidence in Violation of Due Process, Unlawful Arrest, Malicious Prosecution under federal and state law, Failure to Intervene, Conspiracy to Deprive Constitutional Rights, Policy and Practice Claim Against the City of Memphis, Supervisory Liability, Intentional Infliction of Emotional Distress, Civil Conspiracy, Respondeat Superior, and Indemnification.

Outside of overly broad, conclusory, and generalized allegations, Plaintiff fails to allege sufficient facts to sustain its 42 U.S.C. § 1983 claims against Defendant Bolden under the doctrine of qualified immunity. Plaintiff's unlawful arrest claim is also time barred. Additionally, Plaintiff's state law claims as against Defendant Bolden are barred by the Tennessee Governmental Tort Liability Act. For the reasons articulated herein, this Court should dismiss Plaintiff's Complaint against the Defendant Officers for failure to state a claim.

## II.  FACTUAL ALLEGATIONS

Plaintiff alleges that he was "wrongfully convicted and spent nearly two decades in prison for a 2002 robbery at the B.B. King's Blues Club on Beale Street in Memphis, Tennessee." (Compl., ECF No. 1, ¶ 1.)[1] Plaintiff was sentenced to 249 years in prison. (*Id.*, ¶ 16.) Plaintiff claims that his wrongful conviction was based "almost entirely on Defendants' fabrication and suppression of evidence" and that there was "no legitimate evidence connecting Mr. Whitehead to the crime." (*Id.*, ¶¶ 2, 3.)

In support of these claims, Plaintiff alleges that Defendant Officers Howell and Ragland fabricated evidence and an anonymous tip to falsely implicate Plaintiff as the robber. (*Id.*, ¶ 4.) Plaintiff claims that Defendant Officers "coerced a man detained for two other armed robberies

---

[1] Defendant Bolden is citing to the Complaint as it is written, but Defendant Bolden would like to note that the numbering is off in some areas. *See, e.g.*, Compl. at PageID 28-29 (paragraph numbers jump from 151 to 265).

2

to phone in a fake tip to the Memphis Crimestoppers tip line falsely implicating [Plaintiff] in the robbery. They used this false tip, which they themselves engineered, as justification for their investigation into [Plaintiff]." (*Id.*, ¶ 5.) Plaintiff alleges that "Defendant Officers hid the identity of the armed robber and the true circumstances of the false Crimestoppers call they engineered" and that Defendant Officers "neither disclosed that the armed robber sought a reduced sentence nor that they paid him for fabricating an identification of Mr. Whitehead as the Beale Street robber." (*Id.*, ¶ 6.) Plaintiff further claims that Defendant Officers "suppressed information that this armed robber was experienced at falsely implicating people in crimes they did not commit" and that he "had previously falsely implicated other people in robberies for which they were innocent, and for which he was the true perpetrator." (*Id.*)

Plaintiff alleges that Defendant Officers also fabricated false eyewitness identifications of Plaintiff and that "[t]hese identifications were purportedly obtained from victims of the robbery, who—before these Defendant Officers conspired to frame [Plaintiff]—had described the suspect as at least 7 inches shorter and 50 pounds lighter than [Plaintiff]." (*Id.*, ¶ 7.) Plaintiff asserts that "Defendant Officers used these witnesses to fabricate identifications against Mr. Whitehead, in order to legitimize the already-fabricated identification of Mr. Whitehead by the Defendant Officers' fake tip." (*Id.*, ¶ 9.) "Defendant Officers suppressed the tactics they used both to coerce the detained, armed robber into falsely implicating Mr. Whitehead, and to fabricate the witness identifications." (*Id.*, ¶ 10.) Plaintiff contends that "[b]ased on the force of the fabricated evidence and the suppression of all exculpatory evidence, [Plaintiff] was charged, prosecuted, and wrongly convicted of robbery, kidnapping, and assault." (*Id.*, ¶ 11.)

Plaintiff alleges "Defendant Officers' actions were part of a pattern and practice of systemic police misconduct at the Memphis Police Department, where police officers fabricated

3

evidence, including false identifications, through tactics such as fact-feeding, suggestive identification procedures, payments, and promises of leniency." (*Id.*, ¶ 13.) Plaintiff alleges that "he discovered that the Defendant Officers had framed him" and that "[h]e was finally vindicated when the Shelby County Criminal Court considered the 'scant evidence' the State had against him." (*Id.*, ¶ 17.) Plaintiff alleges that the Shelby County Criminal Court "found that the Memphis Police Department 'intentionally hid the identity' of the detained, armed robber and 'suppressed this information because they knew that there were problems' with him as the witness." (*Id.*) Plaintiff also alleges that the Shelby County Criminal Court "recognized that Mr. Whitehead had been improperly tried because the jury 'assum[ed] that law enforcement conducted a legitimate investigation'" (*Id.*, ¶ 18) (alterations in original). Plaintiff alleges that on December 15, 2023, the Shelby County Criminal Court vacated Plaintiff's conviction. (*Id.*, ¶ 19.)

Plaintiff also alleges that "[t]he misconduct by the Defendant Officers […] was undertaken pursuant to the policies and practices of the Memphis Police Department" and that Plaintiff's injuries were proximately caused by "policies and practices on the part of the Memphis Police Department to pursue and secure false convictions through profoundly flawed investigations and unconstitutional methods and tactics." (*Id.*, ¶¶ 99, 100.) Plaintiff also alleges that "[t]he City's failure to train, supervise, and discipline its officers […] condones, ratifies, and sanctions the kind of misconduct that the Defendants committed against [Plaintiff] in this case." (*Id.*, ¶ 132.) Plaintiff asserts that "[w]ithout any physical evidence to tie Mr. Whitehead to the Beale Street robbery, prosecutors had to rely on the Defendant Officers' fabrication of false evidence and suppression of exculpatory evidence to convict Mr. Whitehead." (*Id.*, ¶ 136.) Plaintiff contends that he spent "nearly 21 years incarcerated for something he did not do" and

4

that he was detained in harsh and dangerous conditions in maximum security prisons. (*Id.*, ¶¶ 143, 146.)

### III. LAW AND ARGUMENT
#### a. Legal Standard for Motions to Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Iqbal*, 556 U.S. at 678. While a complaint need not present detailed factual allegations, to be cognizable it must provide more than "labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545 (emphasis added). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing authorities). In other words, "claims set forth in a complaint must be plausible, rather than conceivable." *Id.* at 570.

A complaint must have a factual foundation, and the mere possibility "that a plaintiff might later establish some set of undisclosed facts to support recovery" is insufficient to survive a 12(b)(6) challenge. *Twombly*, 550 U.S. at 561 (internal quotation marks omitted). If the plaintiff does not "nudge his claims across the line from conceivable to plausible, his complaint

5

must be dismissed." *Id.*

The *Twombly* plausibility standard consists of a "two-pronged approach." *Iqbal*, 556 U.S. at 679. Under the first prong, the Court identifies allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* The second prong requires that "when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

### b. Plaintiff's Claims Against Defendant James Bolden Must Be Dismissed Based on the Doctrine of Qualified Immunity.

Defendant, in his individual capacity, is protected by the doctrine of qualified immunity. Complaints are subject to dismissal under 12(b)(6) if either prong of the qualified immunity analysis is not adequately pleaded. *See, e.g.*, *Crawford v. Tilley,* 15 F.4th 752, 760 (6th Cir. 2021) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.").

To overcome qualified immunity, the burden on the Plaintiff is to show that (1) each officer violated a federal statutory or constitutional right, and (2) the unlawfulness of the officer's conduct was clearly established at the time. *Dist. of Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018). Courts can address these requirements in either order, but in order to overcome the immunity defense, both requirements must be met. *Pearson v. Callahan*, 555 U.S. at 223, 236 (2009). If a plaintiff fails to adequately plead either prong, the officer is protected by qualified immunity, and the claim fails on its face. *Crawford*, 15 F.4th at 760; *see Crouse v. Town of Moncks Corner*, 848 F.3d 576, 583 (4th Cir. 2017) ("[T]he first two prongs of the test are questions of law, an officer is entitled to qualified immunity if either prong cannot be resolved under clearly established law.").

6

Here, Plaintiff fails to adequately plead either prong, and the claims against Defendant Bolden individually must be dismissed.

> i. **Plaintiff fails to adequately plead that the Defendant Bolden violated a statutory or constitutional right**.

Plaintiff fails to adequately plead that the Defendant Officers violated a federal statutory or constitutional right. Plaintiff's allegations against Defendant Bolden and the remaining Defendant Officers are (1) conclusory, (2), implausible, and/or (3) reflect impermissible group pleading. An officer sued under § 1983 is entitled to qualified immunity unless the plaintiff can establish that the officer violated a "right [that] was clearly established . . . in light of the specific context of the case, not as a broad general principal." *Lyons v. City of Xenia*, 417 F.3d 565, 571 (6th Cir. 2005). In Counts I through VI and Count VIII, Plaintiff is apparently bringing federal claims against Defendant Bolden for Fabrication of False Evidence in Violation of Due Process, Suppression and Withholding of Exculpatory Evidence in Violation of Due Process, Unlawful Arrest, Malicious Prosecution, Failure to Intervene, Conspiracy to Deprive Constitutional Rights and Supervisory Liability. The allegations presented to support these claims are woefully deficient to establish liability against Defendant Bolden.

First, the allegations contained in the Complaint against Defendant Bolden are conclusory on their face.  The Complaint lacks a proper factual foundation, and the allegations in the Complaint fail to raise Plaintiff's right to relief against each individual Defendant above the speculative level to plausible. *Twombly*, 550 U.S. at 555. To be sure, outside of conclusory allegations, the Complaint contains ***no*** factual allegations against Defendants Hull and Bolden, the alleged chief policymakers at the time, at all. (*See id.*, ¶¶ 102, 121, 124, 301) (reflecting the only allegations directed at the former Chief Defendant Bolden); *see also Alston v. City of Detroit Police Officers*, 717 F. Supp. 3d 618, 636–37 (E.D. Mich. 2024) ("A § 1983 plaintiff

asserting supervisory liability must show "more than an attenuated connection" between his injury and the supervisory officer's alleged wrongful conduct."). The remaining allegations reflect impermissible group pleading. To satisfy *Twombly* and *Iqbal*, a plaintiff "must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right," *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) (citation omitted), and may not rely on broad allegations of collective wrongdoing. *See id.*; *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596-97 (6th Cir. 2012) (citing *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (finding that complaint's collective references to "Defendants" failed to satisfy requirement that plaintiff allege specific facts showing how each defendant violated a constitutional right).

Claims against governmental officials arising from alleged violations of constitutional rights "must allege, with particularity, facts that demonstrate what *each* defendant did to violate the constitutional right." *Heyne*, 655 F.3d at 564 (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)); *see Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Crawford v. Tilley*, 15 F.4th 752, 761 (6th Cir. 2021) ("[S]upervisory liability also has sharp limits. It will not attach for 'a mere failure to act.' A supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate who violated the constitutional right of another.") (cleaned up). Collective allegations will fail to state a sufficient claim against an individual. The Court must analyze separately whether a plaintiff has stated a plausible constitutional violation by each individual defendant; the acts of all defendants cannot be ascribed to each individual Defendant. *Heyne*, 655 F.3d at 564.

8

Throughout the Complaint, Plaintiff impermissibly groups all individual Defendants together and fails to allege what each specific Defendant did to allegedly violate Plaintiff's constitutional rights. (*See, e.g.*, Compl., ¶ 63 ("Without any physical evidence to tie Mr. Whitehead to the robbery, Defendant Officers agreed to coerce Jones into helping them fabricate an identification falsely implicating Mr. Whitehead.")). "Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior." *Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (citing *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability"); *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991) (noting that personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants")). The Court must analyze separately whether a plaintiff has stated a plausible constitutional violation by each individual defendant; the acts of all defendants cannot be ascribed to each individual Defendant. *Heyne*, 655 F.3d at 564. Ultimately, the plaintiff bears the burden of showing that an officer is not entitled to the defense of qualified immunity. *Johnson*, 790 F.3d at 653. "The test is whether, reading the complaint in the light most favorable to the plaintiff, it is plausible that an official's acts violated the plaintiff's clearly established constitutional right." *Heyne*, 655 F.3d at 562–63.

Plaintiff cannot meet his burden to defeat the Defendant Bolden's right to qualified immunity. Specifically, Plaintiff's collective allegations are insufficient to survive a Rule 12(b)(6) motion to dismiss because they do not put Defendant Bolden on notice of the allegations against them or plausibly establish that each Defendant engaged in any individual conduct resulting in the harm alleged. (*See, e.g.*, Compl., ¶ 73 ("*Defendants* suppressed the

9

police reports demonstrating that this Crimestoppers tip was a ploy, that Jones had no real information connecting Mr. Whitehead to this crime, and all other evidence of their own misconduct.") (emphasis added).

The fact that there are eleven different Defendants in this case, not including the "Unknown Employees of the City of Memphis" further illustrates how inadequate Plaintiff's pleading is to establish §1983 liability against Defendant Bolden. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."); *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the plaintiff's] complaint failed to satisfy [the] minimum standard" that "a complaint give each defendant fair notice of what the plaintiffs' claim is and the ground upon which it rests." (internal quotation marks omitted)); *James v. City of Detroit*, No. CV 17-10506, 2017 WL 5158740, at *4 (E.D. Mich. Nov. 7, 2017) ("Plaintiff does not allege any specific conduct Chief Craig engaged in that would hold him liable under a theory of supervisory liability.").

Plaintiff's deficient pleading fails to establish that Defendant Bolden violated a statutory or constitutional right, and qualified immunity should attach. Accordingly, the Court should find that Plaintiff failed to sufficiently plead the first prong of qualified immunity without need to turn to the second prong.

> ii. **Plaintiff did not adequately plead that the unlawfulness of Defendant Bolden's alleged conduct was clearly established at the time.**

Consequently, Plaintiff did not sufficiently allege facts supporting that the alleged unlawfulness of the Defendant Bolden's conduct was clearly established at the time. To survive a motion to dismiss on qualified immunity grounds, the plaintiff must allege facts that "plausibly mak[e] out a claim that the defendant's conduct violated a constitutional right that was clearly established law at the time, such that a reasonable officer would have known that his conduct violated that right." *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015). Plaintiff did not sufficiently plead facts supporting unlawful conduct violating a statutory or constitutional right let alone that the alleged unlawfulness of the Defendant Bolden's conduct "was clearly established." *Dist. of Columbia*, 583 U.S. at 63.

Plaintiff's allegations against Defendant Bolden specifically are conclusory and the remaining allegations that could possibly be directed at Defendant Bolden reflect improper group pleadings as explained *supra*. Defendant should not be required to conduct guess work to determine what, if any, allegations and claims are being asserted against him specifically. Plaintiff's general allegations and Counts directed towards "Defendants" and his inconsistent use of "Defendants" generally and "Defendant Officers" fail to put each individual defendant on notice of the claims made against them. These allegations are insufficient to sustain a claim against any Defendant or refute Defendant Bolden's entitlement to qualified immunity. Accordingly, these claims must be dismissed.

> c. **Plaintiff's Unlawful Arrest Claim is Barred by the Applicable Statute of Limitations.**

Plaintiff's unlawful arrest claim, Count III, must be dismissed because it is time barred. "The duration of the statute of limitations for § 1983 actions is governed by state law; however, federal standards govern when the statute begins to run. *Flinn v. Corbitt*, No. 3:07-CV-402, 2008

11

WL 2388130, at *2 (E.D. Tenn. June 9, 2008) (citing *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003). Tennessee law provides for a one-year statute of limitations for § 1983 actions. *Id.* (citing Tenn. Code Ann. § 28–3–104(a)(3)). "The statute of limitations begins to run at the time the claimant becomes detained pursuant to legal process." *Id.* (citing *Wallace v. Kato*, 127 S.Ct. 1091 (2007)). Accordingly, "a plaintiff must bring his § 1983 unlawful arrest/false imprisonment claims within one year of the accrual of that action." *Id.*

Plaintiff alleges that he was arrested without probable cause and that "in order to procure the warrant for Plaintiff's arrest, Defendant Officers knowingly and deliberately, or with a reckless disregard for the truth, made false statements and/or omissions that created a falsehood." (Compl. ¶¶ 270, 272.) Plaintiff also asserts "[t]he misconduct in this Count by the Defendants was undertaken pursuant to the policy and practice of the Memphis Police Department, in the manner more fully described below in Count VII." (*Id.* ¶ 275.) Here, Plaintiff was convicted in 2003, meaning he was detained pursuant to legal process well over 20 years ago. (*See* Compl. ¶ 101.) Accordingly, the one-year statute of limitations has ran, and Plaintiff's unlawful arrest claim is time-barred.

### d. Plaintiff's State Law Claims against Defendant Bolden for Malicious Prosecution, Intentional Infliction of Emotional Distress, and Civil Conspiracy are Barred under the Tennessee Governmental Tort Liability Act.

Defendant Bolden is immune from Plaintiff's state law claims pursuant to the Tennessee Governmental Tort Liability Act ("GTLA"). "State law claims against governmental entities ***and their employees*** are governed [exclusively] by the GTLA." *Epperson v. City of Humboldt, Tenn*., 140 F. Supp. 3d 676, 689 (W.D. Tenn. 2015) (citing Tenn. Code Ann. § 29-20-101) (emphasis added). All claims for damages brought under the GTLA must strictly comply with the GTLA. *Limbaugh v. Coffee Medical Ctr*., 59 S.W.3d 73, 82 (Tenn. 2001).

The GTLA contains a list of specific exceptions for which employees of a municipality

12

retain immunity. *See* Tenn. Code Ann. § 29-20 205(1)- (10). One is the "intentional tort exception," which bars claims for injuries arising out of "[f]alse imprisonment pursuant to a mittimus from a court, false arrest, **malicious prosecution**, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, **infliction of mental anguish**, invasion of right of privacy, or **civil rights**." Tenn. Code Ann. § 29-20-205(2) (emphasis added); *Limbaugh*, 59 S.W.3d at 81. The reference to "civil rights" has been interpreted to include claims arising under § 1983. *Partee*, 449 F. App'x 444, 448 (citing *Johnson v. City of Memphis*, 617 F.3d 864, 872 (6th Cir. 2010)).

Plaintiff apparently brings three state law claims against the Defendant Officers: Malicious Prosecution (Count VIV), Intentional Infliction of Emotional Distress (Count X), and Civil Conspiracy (Count XI). For the reason articulated below, these claims should be dismissed because Defendant Bolden is immune from civil liability under the GTLA.

### i. Plaintiff's claim against Defendant Bolden for malicious prosecution is barred under § 29-20-205(2) of the GTLA.

Plaintiff's state law malicious prosecution claim, Count VIV, against Defendant Bolden is explicitly barred by the "malicious prosecution" category of the intentional tort exception under Tenn. Code Ann. § 29-20-205(2). Plaintiff alleges that "Defendant Officers caused Plaintiff to be subjected improperly to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury." (Compl., ¶ 319.) Defendant Bolden retains immunity for this claim under the GTLA. *See* Tenn. Code Ann. § 29-20-205(2). Thus, Plaintiff's state law malicious prosecution claim against Defendant Bolden must be dismissed

### ii. Plaintiff's claim against Defendant Bolden for intentional infliction of emotional distress is barred under § 29-20-205(2) of the GTLA.

Plaintiff's intentional infliction of emotional distress claim, Count X, against Defendant

13

Bolden is expressly barred by the "infliction of mental anguish" category of the intentional tort exception under Tenn. Code Ann. § 29-20-205(2). Plaintiff alleges that Defendant Officers alleged actions "were undertaken with the intent to cause, or with reckless disregard for the probability that they would cause, Plaintiff severe emotional distress." (Compl., ¶ 325.) Defendant Officers retain immunity from all such claims under the GTLA. *See* Tenn. Code Ann. § 29-20-205(2); *Dillingham v. Millsaps*, 809 F. Supp. 2d 820, 853 (E.D. Tenn. 2011); *Stapp v. Wall*, No. 3:08-cv-0101, 2008 WL 11510613, at *7 (M.D. Tenn. Oct. 6, 2008) ("[T]he reference to 'infliction of mental anguish' in the GTLA applies . . . to intentional infliction of emotional distress [claims]") (citing *Sallee v. Barrett*, 171 S.W.3d 822 (Tenn. 2005)). Thus, Plaintiff's intentional infliction of emotional distress claim against Defendant Bolden must be dismissed.

### iii. Plaintiff's claim against Defendant Bolden for civil conspiracy is barred under § 29-20-205(2) of the GTLA.

Plaintiff's civil conspiracy claim, Count XI, against Defendant Bolden is expressly barred by the "malicious prosecution" and "infliction of mental anguish" categories of the intentional tort exception under Tenn. Code Ann. § 29-20-205(2). In support of his civil conspiracy claim, Plaintiff alleges that "[i]n furtherance of the conspiracy, Defendant Officers committed overt acts and were otherwise willful participants in joint activity including but not limited to the malicious prosecution of Plaintiff and the intentional infliction of emotional distress upon him." (Compl., ¶ 329.) Accordingly, Plaintiff's civil conspiracy claims arise out of his malicious prosecution and intentional infliction of emotional distress claims. Defendant Officers retain immunity from all such claims under the GTLA. *See* Tenn. Code Ann. § 29-20-205(2). To the extent Plaintiff's civil conspiracy claim arises out of his § 1983 claims as well, they are also barred by the civil rights exception. *See id.*; *see also Partee*, 449 F. App'x 444, 448 (citing *Johnson v. City of Memphis*, 617 F.3d 864, 872 (6th Cir. 2010)).

14

## CONCLUSION

For these reasons, Defendant Bolden respectfully requests this Court to grant his Motion to Dismiss in its entirety.

                              **Respectfully submitted,**

                              **BAKER, DONELSON, BEARMAN,**
                              **CALDWELL & BERKOWITZ, P.C.**

                              *s/ Bruce McMullen*
                              Bruce McMullen (#18126)
                              Jennie Vee Silk (#35319)
                              Briana J. Butler (#40566)
                              165 Madison Avenue, Suite 2000
                              Memphis, Tennessee 38103
                              Telephone: (901) 526-2000
                              bmcmullen@bakerdonelson.com
                              jsilk@bakerdonelson.com
                              bbutler@bakerdonelson.com

                              *Attorneys for Defendant City of Memphis and Defendants Thomas Warrick, James Howell, Robert Ragland, Edward Bass, and James Bolden*

## CERTIFICATE OF SERVICE

I, Bruce McMullen, hereby certify that on April 1, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and that upon filing, such system will serve a copy of the foregoing upon all counsel of record in this action.

                              *s/ Bruce McMullen*
                              Bruce McMullen