IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ARTIS WHITEHEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 24-cv-02991-MSN-atc |
| v. ) | |
| ) | |
| CITY OF MEMPHIS, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT TIMOTHY GREEN'S MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS
FOR QUALIFIED IMMUNITY**

**COMES NOW**, Defendant Timothy Green by and through counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully submits the following Memorandum in Support of Motion to Dismiss. Defendant Green now asks the Court to dismiss this lawsuit for three reasons: (1) Defendant Green is entitled to immunity pursuant to the Tennessee Governmental Tort Liability Act; (2) Plaintiff has failed to plead a viable constitutional violation based on general allegations; and (3) Defendant Green is entitled to qualified immunity because his conduct did not violate a clearly established law.

## INTRODUCTION

The Complaint states, Mr. Whitehead was wrongfully convicted and spent nearly two decades in prison for a 2002 robbery at the B.B. King's Blues Club on Beale Street in Memphis, Tennessee – a crime he did not commit.

1

Qualified immunity requires a plaintiff to demonstrate that (1) a defendant violated a constitutional right that (2) was clearly established at the time. Plaintiff cannot avoid qualified immunity here. First, Defendant Green is immune under the Tennessee Governmental Tort Liability Act for all the state law claims. Second, Plaintiff's allegations do not support any constitutional violation because they are general allegations. And third, any conceivable violation was not clearly established based on these facts. Moreover, Plaintiff's pleadings lack both the legally viable claims, and the factual specificity required to support them. As such, this lawsuit should be dismissed.

## STATEMENT OF THE ALLEGATIONS

This lawsuit arises out of the wrongful arrest and conviction of the Plaintiff due to potential police misconduct. This lawsuit is filed against the City of Memphis, James Howell, Terry Luons, Robert Ragland, Joseph Pearlman, Vivian Murray, Thomas Warrick, Timothy Green, Edward Bass, Robert Hull, Jr., James Bolden, and Unknown Employees of the City of Memphis. Case No. 2:24-cv-002991 [ECF Docket 1, Page 1]. Plaintiff's Complaint alleges the following as to Defendant Green:

"Defendant Officers, including Green, interviewed James Johnson." [ECF Docket 1, Page 7, ¶39].

"Moreover, pursuant to their agreements, Defendants, including Defendants Howell, Lyons, Ragland, Pearlman, Murray, Warrick, Green, and Bass, suppressed, withheld, or destroyed additional exculpatory evidence. This additional evidence included, but was not limited to, evidence of the agreement reached between Defendants Howell, Lyons, Ragland, Pearlman, Murray, Warrick, Green, and Bass to fabricate false evidence against Mr. Whitehead, including evidence of all the communications between these Defendants in forming, discussing, and acting

2

in the furtherance of the agreement, which would have served as powerful evidence to impeach the testimony of these Defendants at Mr. Whitehead's trial, as well as powerful independent evidence of his innocence." ECF Docket 1, Page 14, ¶92].

"In addition, Defendant Officers including Howell, Lyons, Ragland, Pearlman, Murray, Warrick, Green, and Bass suppressed extensive exculpatory information they had of numerous other leads pointing to a perpetrator that was not Mr. Whitehead, which would have discredited their case against Mr. Whitehead and otherwise aided Mr. Whitehead's defense." [ECF Docket 1, Page 15, ¶94].

"Throughout the course of the Beale Street robbery investigation, Defendant Officers, including Defendants Howell, Lyons, Ragland, Pearlman, Murray, Warrick, Green, and Bass, kept one another informed regarding developments in the investigation, the evidence being fabricated to falsely implicate Mr. Whitehead, and the exculpatory evidence that had been suppressed, withheld, and/or destroyed." [ECF Docket 1, Page 15, ¶95].

"As another example of illegal tactics, Defendant Green was known with the Memphis Police Department for conspiring with criminals. In 2012, Defendant Green was convicted of conspiracy alongside two other Memphis Police Officers for collecting payments from criminals in exchange for warning them about the police department's criminal investigations against them." [ECF Docket 1, Page 17, ¶106].

Plaintiff's complaint further alleges in Count VII that Defendant Green committed the following:

"Plaintiff's injuries were directly and proximately caused by officers, agents, and employees of the City of Memphis and the Memphis Police Department, including but not limited to Defendants Howell, Lyons, Ragland, Pearlman, Murray, Warrick, Green, and Bass, who acted

3

pursuant to one of more of the policies, practices, and customs set forth above in engaging in the misconduct described in this Count." [ECF Docket 1, Page 38, ¶304].

## STANDARD OF REVIEW

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). When a court reviews a motion to dismiss pursuant to the Federal Rules of Civil Procedure (FRCP) 12(b)(6), the district court decision is based purely on the legal sufficiency of a plaintiff's case. *Barrett v. Harrington*, 130 F.3d 246, 251 (6th Cir. 1997). A court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F. 2d 1196,1199 (6th Cir. 1990). Under the liberal notice pleading rules, a complaint need only put a party on notice of the claim being asserted against it to satisfy the federal rule requirement of stating a claim upon which relief can be granted. Fed. R. Civ. P. 8(a); *Swierkiwicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (holding that a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations). A complaint need not anticipate every defense and accordingly need not plead every response to a potential defense. *Poe v. Haydon*, 853 F.2d 418, 424 (6th Cir. 1988) (stating that a civil rights plaintiff need not anticipate an affirmative defense which must be pleaded by the defendant). A court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000). Although we must accept all of the complaint's factual allegations as true, we "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987) (citations omitted).

To determine whether a motion to dismiss should be granted, the court must examine the

complaint. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678; *Twombly*, 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. While a complaint need not present detailed factual allegations, to be cognizable it must provide more than "labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570; *see also, Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436-37 (6th Cir. 1988). A complaint must have a factual foundation, and the mere possibility "that a plaintiff might later establish some set of undisclosed facts to support recovery" is insufficient to survive a 12(b)(6) challenge. *Twombly*, 550 U.S. at 568 (internal quotation marks and brackets omitted). The question is not whether the plaintiff will ultimately prevail, but whether she is entitled to present evidence in support of her claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

Qualified immunity is an appropriate basis for dismissal under Rule 12(b)(6). *Jackson v. Schultz*, 429 F.3d 586, 589 (6th Cir. 2005). A court can dismiss a complaint under Rule 12(b)(6) "if it is clear that no violation of a clearly established constitutional right could be found under any set of facts that could be proven consistent with the allegations or pleadings." *Id*. When read in conjunction with the Sixth Circuit's holding that undisputable evidence that clearly

5

contradicts the events referenced in a pleading can be considered, this Court can dismiss Plaintiff's complaint if it is clear that the events as established by the public records and pleadings could never support a violation of clearly established law. See *Bailey*, 860 F.3d at 386, and *Jackson*, 429 F.3d at 589.  Defendant Green is entitled to qualified immunity for three reasons:  1.Defendant Green Is Entitled To Immunity Pursuant to Tennessee Governmental Tort Liability Act; (2) Plaintiff's General Allegations Are Insufficient To Establish that Defendant Green Violated a Statutory or Constitutional Right; and (3) Plaintiff's Federal Conspiracy Claim Fails As Matter of Law

## LAW AND ANALYSIS

### I.  DEFENDANT GREEN IS ENTITLED TO IMMUNITY PURSUANT TO TENNESSEE GOVERNMENTAL TORT LIABILITY ACT.

Prior to determining whether Defendant Green is entitled to qualified immunity, the Court must determine whether there are any other immunities that Defendant Green is entitled to as a matter of law. Defendant Green contends that he is entitled to Governmental immunity because he was employed by the City of Memphis and at work on May 9, 2002, when Memphis Police Officers allegedly fabricated evidence that led to the conviction of Artis Whitehead.  As a result, Mr. Green contends he is entitled to the protection of the Tennessee Governmental Tort Liability Act (TGTLA) for all state of Tennessee cause of actions. (Counts VIV, X, XI, XII, and XIII). Pursuant to the TGTLA:

> "Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of:
> (1) The exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused;
> (2) **False imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights;**

> (3) The issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order or similar authorization;
> (4) A failure to make an inspection, or by reason of making an inadequate or negligent inspection of any property;
> (5) The institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause;
> (6) Misrepresentation by an employee whether or not such is negligent or intentional;
> (7) Or results from riots, unlawful assemblies, public demonstrations, mob violence and civil disturbances;
> (8) Or in connection with the assessment, levy or collection of taxes; or
> (9) Or in connection with any failure occurring before January 1, 2005, which is caused directly or indirectly by the failure of computer software . . . ."

Tenn. Code Ann. § 29-20-205. (emphasis added). The TGTLA further provides that "[n]o claim may be brought against an employee or judgment entered against an employee for damages for which the immunity of the governmental entity is removed by this chapter." Tenn. Code Ann. § 29-20-310(b). Because the TGTLA specifically removes immunity of a governmental entity for negligent acts and omissions of its employees, the governmental employee who allegedly perpetrated said negligent act or omission may not be sued in their individual capacity for the same tort. *Id*. In the case at bar, the City of Memphis is a Defendant and is also being suing for the conduct of Timothy Green. As a result, Mr. Green cannot be liable for any negligent conduct. Thus, any negligence claims against Mr. Green must be dismissed.

## II. PLAINTIFF'S GENERAL ALLEGATIONS ARE INSUFFICIENT TO ESTABLISH THAT DEFENDANT GREEN VIOLATED A STATUTORY OR CONSTITUTIONAL RIGHT.

Defendant Green is entitled to qualified immunity because the Plaintiff has failed to plead that a clearly established right was violated by Defendant Green. As stated *supra*., a court can dismiss a complaint under Rule 12(b)(6) "if it is clear that no violation of a clearly established constitutional right could be found under any set of facts that could be proven consistent with the allegations or pleadings." *Jackson v. Schultz*, 429 F.3d 586, 589 (6th Cir. 2005). Here, Plaintiff's

7

liability theories are not viable and subject to dismissal under Rule 12(b)(6) because Plaintiff's general collective allegations are insufficient as a matter of law. *Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012).  To prevail in his personal capacity § 1983 claims, Plaintiff needs to "prove that some conduct by a person acting under color of state law deprived [him] . . . of a right secured by the Constitution or other federal laws." *Foy v. City of Berea*, 58 F.3d 227, 229 (6th Cir. 1995). A government official "is only liable for his or her own misconduct." *Iqbal,* 556 U.S. at 677; *see Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior.").   The Western District of Tennessee Adopted the Magistrate Recommendation in a similar matter.  The court stated:

> "Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior." *Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (citing *Murphy v. Grenier,* 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability"); *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991) (noting that personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants")).
>
> ….
> Plaintiffs' collective allegations are insufficient to survive a Rule 12(b)(6) motion to dismiss because they do not put Armstrong on notice of the claims against him or plausibly establish that he engaged in any individual conduct contributing to the harm alleged. "

*Morris, et al. v. City of Memphis, et al,* Case No. 19-cv-2874-MSN-tmp, Magistrate's Report and Recommendation, Pp. 6-7.  Moreover, the Sixth Circuit "has consistently held that damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what each defendant did to violate the asserted right." *Terrance v. Northville Reg. Psych. Hosp*., 286 F.3d

8

834, 842 (6th Cir. 2002) (emphasis in original); *see also Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012), quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)("damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did . . . "). *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under §1983"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights). Here, with the exceptions of the above paragraphs, all of the allegations in this matter are blanketly attributed to the Defendants. As stated *supra.*, Defendant Green cannot be placed on notice of his conduct and cannot defend based on the above general allegations. *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012). As pled by the Plaintiff in this matter, Defendant Green cannot defend himself from the vague and conclusory allegations. Plaintiff has failed to establish that his rights in regard to Defendant Green violated his clearly established rights, and Plaintiff's claim lacks facial plausibility by failing to plead factual content that allows this Court to draw the reasonable inference that Defendant Green is personally liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678; *Twombly*, 550 U.S. at 556. As a result, Plaintiff's Complaint fails to state a claim and Defendant Green is entitled to qualified immunity.

    **III.**    **PLAINTIFF'S FEDERAL CONSPIRACY CLAIM FAILS AS MATTER OF LAW**

Regardless of Defendant's Green statutory immunity, Plaintiff has failed to allege any legal conspiracy as to Defendant Green. In *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 510 (6th Cir. 1991), the Sixth Circuit stated that "If all of the defendants are

9

members of the same collective entity, there are not two separate 'people' to form a conspiracy." This holding is generally labeled the "intracorporate conspiracy" doctrine. Although the precept is frequently discussed in the antitrust field, *see e.g., Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 81 L. Ed. 2d 628, 104 S. Ct. 2731 (1984) and *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911 (5th Cir. 1952), it is also applied in cases alleging civil rights conspiracies. *Doherty v. American Motors Corp.*, 728 F.2d 334, 339-40 (6th Cir. 1984). Simply stated, any conspiracy claim alleged by the Plaintiff in this matter fails because the Defendants are all City of Memphis employees. As stated *supra.*, "all of the defendants are members of the same collective entity, there are not two separate 'people' to form a conspiracy." *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839-40 (6th Cir. 1994) (quoting *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 510 (6th Cir. 1991)). Thus, Plaintiff fails to state a claim for civil conspiracy and this matter should be dismissed for failing to state a claim.

For the foregoing reasons, Defendant Green requests that he be dismissed based on qualified immunity.

Respectfully Submitted,

s/Darrell J. O'Neal

_____
Darrell J. O'Neal (BPR #20927)
LAW OFFICE OF DARRELL J. O'NEAL
2129 Winchester Road
Memphis, Tennessee 38116
(901) 345-8009 telephone
(901) 345-8014 facsimile
domemphislaw@darrelloneal.com
*Attorney for Timothy Green*

10

## **CERTIFICATE OF SERVICE**

    I, Darrell J. O'Neal, hereby certify that I have forwarded a copy of the foregoing document through the ECF/ECM system on this 29th of May 2025 to all parties in this case.

                                         s/ Darrell J. O'Neal
                                         _____
                                         Darrell J. O'Neal