**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE**

ARTIS WHITEHEAD,

Plaintiff,

v.

CITY OF MEMPHIS, JAMES HOWELL,
TERRY LYONS, ROBERT RAGLAND,
JOSEPH PEARLMAN, VIVIAN MURRAY,
THOMAS WARRICK, TIMOTHY GREEN,
EDWARD BASS, ROBERT HULL, JR., JAMES
BOLDEN, and UNKNOWN EMPLOYEES OF
THE CITY OF MEMPHIS,

Defendants.

Case No. 2:24-c-02991

Honorable Judge Mark S. Norris

JURY DEMAND

**PLAINTIFF'S RESPONSE TO  DEFENDANT GREEN'S 12(b)(6)
MOTION TO DISMISS**

Plaintiff, ARTIS WHITEHEAD, under Federal Rule of Civil Procedure 12, responds to

Defendant Green's motion to dismiss (Dkts. 85, 85-1) as follows:

**INTRODUCTION**

Mr. Whitehead has already responded in detail to the motions to dismiss filed by Defendant

City of Memphis and seven Defendant Officers. *See* Dkts. 67, 67-1, 84, 84-1. The remaining

officer, Defendant Green, already answered Plaintiff's Complaint nearly two months ago, after

receiving multiple extensions by this Court to file a responsive pleading. Dkts. 54, 62. Despite

these extensions, Defendant Green still missed the Court's filing deadline. Dkt. 62. Now, he has

filed a belated motion under Federal Rule of Civil Procedure 12(b)(6). Dkt. 85-1 at 1.

1

This Court should strike Defendant Green's motion in its entirety and need not consider the merits of his arguments. In any case, Defendant Green recycles many of the same meritless arguments raised by the other Defendant Officers.[1] Accordingly, the motion should be denied.

**BACKGROUND & PROCEDURAL HISTORY**

By way of background, Mr. Whitehead alleges that he was wrongfully convicted and spent nearly two decades in prison for a 2002 robbery at the B.B. King's Blues Club on Beale Street in Memphis, Tennessee – a crime he did not commit. Dkt. 1, ¶1 (Complaint). His wrongful conviction was based almost entirely on evidence that was fabricated and suppressed by Defendant Officers, including as specifically pled by Defendant Green. *Id.* at ¶¶2, 11. There was never any legitimate evidence connecting Mr. Whitehead to the crime. *Id.* at ¶3. Mr. Whitehead alleges that his wrongful conviction was not an isolated occurrence; rather, his odyssey through the criminal legal system was instigated by a Memphis Police Department that has and continues to devalue the lives of people of color. *Id.* at ¶12.

Mr. Whitehead alleges that Defendant Green participated in the investigation of the robbery, including interviewing eyewitness James Johnson, who described the robber as between 5'6 and 5'8, and approximately 150 pounds. *Id.* at ¶¶39-41. Defendant Green knew Johnson's description of the suspect was drastically different than Mr. Whitehead, who was 6'1" and at least 200 pounds on the day of the robbery, more than 50 pounds heavier than any description provided by any eyewitness, including the information Johnson provided to Defendant Green. *Id.* at ¶¶39-41, 49, 51-53. Without any physical evidence to tie Mr. Whitehead to the robbery, Defendant Green and other officers conspired to frame Whitehead for a robbery he did not commit. *Id.* at

---

[1] Plaintiff incorporates his previous Omnibus response by reference. *See* Dkt. 67-1.

¶¶63, 68. Ultimately, they conspired to coerce a man named Gregory Jones into helping them fabricate an identification implicating Whitehead. *Id*. at ¶¶60-63.

Defendant Green's responsive pleading to Mr. Whitehead's Complaint was due March 18, 2025. That day, Defendant Green filed a motion for extension of time to file an answer. Dkt. 53. The Court granted the motion and extended the deadline to April 1, 2025. Dkt. 54. On March 31, 2025, Defendant Green requested a second extension, Dkt. 60, which the Court granted, setting a new deadline of April 22, 2025. Dkt. 62. Despite these extensions, Defendant Green did not file any responsive pleading by the Court-ordered deadline. Instead, on May 2, 2025, more than two weeks after the deadline, he filed his answer. Dkt 79. Then, on May 29, 2025, Defendant Green filed this motion to dismiss. Dkt. 85.

## LEGAL STANDARD

A defendant must serve an answer within 21 days of being served with summons and complaint. Fed. R. Civ. P. 12(a)(1)(A). A defendant may assert the defense of failure to state a claim upon which relief can be granted by motion. Fed. R. Civ. P. 12(b)(6). However, the motion to dismiss "*must be made before pleading* if a responsive pleading is allowed." Fed.R.Civ.P. 12(b) (emphasis added). "An answer is a pleading." *Nat'l Bankers Tr. Corp. v. Peak Logistics LLC*, No. 12-2268-STA-TMP, 2013 WL 3070843, at *3 (W.D. Tenn. June 17, 2013). To move for dismissal under Rule 12(b)(6), then, a defendant must request judgment either in a responsive motion filed <u>before the defendant's answer</u>, or in the answer itself. *Id.*

Regardless, at the pleading stage, the Court must consider the Complaint in the light most favorable to the plaintiff. *Ryan v. Blackwell*, 979 F.3d 519, 525 (6th Cir. 2020) (quoting *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001)). The non-moving party enjoys the benefit of reasonable and plausible inferences with competing inferences falling in their favor. *Jackson v.*

*City of Cleveland*, 622 F.Supp.3d 636, 642 (N.D. Ohio 2022). The Complaint must merely provide the Defendants with notice and "raise a right to relief above the speculative level" into the "realm of plausible liability." *Twombly*, 550 U.S. at 555. The standard of review for a Rule 12(c) motion for judgment on the pleadings and a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted are the same. *See Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## ARGUMENT

Defendant Green is not entitled to dismissal of Mr. Whitehead's claims against him. As a threshold matter, the Motion should be stricken as procedurally deficient: Defendant Green has already filed his Answer to the Complaint, making a Rule 12(b)(6) motion untimely. *Nat'l Bankers Tr. Corp. v. Peak Logistics LLC*, 2013 WL 3070843, at *3. And because the pleadings have not closed, a Rule 12(c) motion for judgment on the pleadings is premature. *Id.*

Since this motion is procedurally improper, it should be stricken without consideration of its challenges on the merits of Mr. Whitehead's claims against Defendant Green. Nevertheless, Mr. Whitehead responds to these disjointed arguments below.

### I.   DEFENDANT GREEN'S MOTION IS UNTIMELY

#### A.  Defendant Green's Motion Should be Struck as Untimely Because He Already Filed an Answer to the Complaint.

As an initial matter, Defendant Green moves to dismiss under Rule 12(b)(6). However, the rule unequivocally requires that such a motion "be made before pleading" that is, before an answer is filed. Fed. R. Civ. P. 12(b); *Nat'l Bankers Tr. Corp*, 2013 WL 3070843, at *3.

Defendant Green answered the Complaint on May 2, 2025. Dkt. 70, 70-1. By the plain language of Rule 12(b), Green "cannot file a motion to dismiss pursuant to Rule 12(b)(6) at this late date." *Nat'l Bankers Tr. Corp*, 2013 WL 3070843, at *3. Thus, Green's request for relief

4

should be stricken as untimely. *See id.*; *see also Fite v. Comtide Nashville, LLC,* 686 F.Supp.2d 735, 747 (M.D.Tenn. 2010) (finding that a Rule 12(b)(6) motion to dismiss is improper because such a motion must be filed prior to the filing of the Answer). And because the pleadings have not closed, a Rule 12(c) motion for judgment on the pleadings is premature. *Id.* For those reasons alone, this Court should strike the motion in its entirety.

> **B. Defendant Green Cannot Convert His Motion to Dismiss to a Motion for Judgment on the Pleadings Because the Pleadings Have Not Closed.**

As established above, when a defendant moves to dismiss a complaint pursuant to Rule 12(b)(6) after filing an answer, that motion to dismiss is procedurally deficient. There is an exception to this procedural deficiency: when the pleadings are already closed in the civil litigation, courts may construe Rule 12(b)(6) motions filed subsequent to an answer as Rule 12(c) motions for judgment on the pleadings. *Stone v. City of Grand Junction, Tennessee*, No. 10-1088, 2011 WL 13097060, at \*1 (W.D. Tenn. June 6, 2011); *Gambrel v. Knox Cty., Ky.*, No. 17-CV-184-DLB, 2018 WL 1457296, at \*2–\*3 (E.D. Ky. Mar. 23, 2018). But because the pleadings are *not* closed here, this exception is not available to Defendant Green, and the Motion remains procedurally deficient.

Rule 12(c) only permits "a party to move for judgment on the pleadings 'after the pleadings are closed.'" *Natl. Bankers Tr. Corp.*, 2013 WL 3070843, at \*3 (quoting Fed. R. Civ. P. 12(c)) (finding a motion to dismiss procedurally deficient where it was filed after an answer but before the close of pleadings, as other defendants had not yet answered). Pleadings are not considered closed "until all defendants have filed an answer," even when some have filed motions to dismiss instead of answering. *Wells Fargo Financial Leasing, Inc. v. Griffin*, 970 F.Supp.2d 700, 705 (W.D.Ky., 2013) ("Thus, because Griffin has not filed an answer, not all Defendants have answered the Complaint. . . . Thus, the pleadings in this matter are not 'closed' for purposes of

5

Rule 12(c)."); *Smith v. Chase Bank USA, N.A.*, No. 09-2651-BBD-TMP, 2010 WL 11493123, at *1 (W.D. Tenn. Apr. 15, 2010) ("The pleadings in this matter are not closed because Defendant has not filed an answer. A motion to dismiss is not a 'pleading.'").

Here, while the other Defendants have filed motions to dismiss, none have filed an answer. Accordingly, the pleadings are not closed, and Defendant Green's motion is procedurally premature under Rule 12(c).

Although courts have discretion to consider a Rule 12(c) motion before all defendants have answered, they have only done so in narrow circumstances—namely where a plaintiff has failed to serve a defendant. *Thomas & Betts Intern. LLC v. Burndy LLC*, No. 2:14-CV-02296-JPM, 2015 WL 5944387, at *3 (W.D. Tenn. Oct. 13, 2015); *Wells Fargo Financial Leasing, Inc.,* 970 F.Supp.2d at 705. That is not the case here. There being no reason to depart from the general rule, this Court should reject Defendant Green's motion as procedurally improper and strike the pleading without prejudice.

## II.    DEFENDANT GREEN'S ARGUMENTS FAIL ON THE MERITS

If this Court nevertheless goes on to consider the merits of Defendant Green's arguments, they still fail.

### A.  Defendant Green is Not Entitled to Immunity Under the TGTLA.

Defendant Green argues that he is entitled to immunity from Mr. Whitehead's state law claims under the Tennessee Governmental Tort Liability Act (TGTLA) simply "because he was employed by the City of Memphis and at work on May 9, 2002", the date of the Beale Street robbery. Dkt. 85-1 at 6. To start, Defendant Green misunderstands Plaintiff's allegations if he contends that Mr. Whitehead's claims are limited to the date of the crime. Rather, as is clear from the face of the Complaint, Plaintiff alleges that Defendant Green participated in the constitutional

violation of Plaintiff's rights throughout the entirety of the investigation into the Beale Street robbery, which led to Plaintiff's illegal arrest and wrongful prosecution and conviction.

To the extent that Defendant Green's arguments are that he is entitled to immunity from civil liability under the Tennessee Governmental Tort Liability Act ("TGTLA") for Plaintiff's state law claims of malicious prosecution, intentional infliction of emotional distress, and civil conspiracy on the basis of his employment as a Memphis Police Officer, this argument fails for multiple reasons.

First, Defendant Green's one-paragraph argument does not cite a single case to support immunity. Such an underdeveloped argument is waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). Regardless, Mr. Whitehead specifically explains in his Omnibus Response why his state law claims survive. *See* Dkt. 67-1 at 50–52. As stated there, Plaintiff agrees that officers sued in their official capacities are immune from liability for these state law claims. Plaintiff also agrees that where, as here, a police officer is sued in his individual capacity, Tennessee statutory immunity is governed by the GTLA in Tenn. Code Ann. § 29-20-310(c). However, Defendants conveniently ignore that, pursuant to this section, "'[a]n individual employee of a governmental entity is immune when the governmental entity for which he works is immune from suit, unless the employee's act or omission was willful, malicious, criminal, or performed for personal financial gain.'" *Stacy v. Clarksville Police Dep't*, No. 3:24-CV-00470, 2025 WL 880149, at *8 (M.D. Tenn. Mar. 21, 2025) (quoting *Autry v. Hooker*, 304 S.W.3d 356, 363 (Tenn. Ct. App. 2009)(emphasis at original)); *see also Fitzgerald v. Hickman Cnty. Gov't*, No. M201700565COAR3CV, 2018 WL 1634111, at *5 (Tenn. Ct. App. Apr. 4, 2018) ("Clearly, the plain language of this statute provides that immunity will not extend to the

'members' of governmental entities who act in willful, wanton, or grossly negligent manners. Based upon this statute, we have previously held that '[l]ocal governmental officials are not immune from suit for willful or wanton acts or acts amounting to gross negligence.'" (quoting *Moore Const. Co. v. Story Eng'g Co.*, No. 01A01–9606–CV–00267, 1998 WL 382198, at *4 (Tenn. Ct. App. July 10, 1998)).

Plaintiff's complaint clearly alleges that the actions of Defendants were malicious. See Dkt. 1 at ¶ 319 (malicious prosecution), ¶ 328-30 (civil conspiracy). Courts in this Circuit have found that sufficient for surviving a motion to dismiss. Stacy, 2025 WL 880149, at *8. Plaintiff's complaint also alleges that the actions of Defendants were willful, and, for purposes of his claim for intentional infliction of emotional distress, that their actions were extreme, outrageous, intentional or reckless, and resulted in serious emotional distress. See Dkt. 1 at ¶¶ 324-26; see also ¶ 323 (incorporating all previous paragraphs); *see also Lawson v. Hawkins Cnty.*, 661 S.W.3d 54, 63 (Tenn. 2023) (considering "willful or wanton negligence is synonymous with recklessness and that when negligence [is] so gross as to amount to recklessness, ... it ceases to be mere negligence and assumes very much the nature of willfulness.") (internal citations and quotations omitted).

Defendant Green also contends that "any negligence claims" against him must be dismissed. Dkt. 85-1 at 7. But Mr. Whitehead has not alleged any claim for negligence; rather, his claims include malicious prosecution, intentional infliction of emotional distress, and civil conspiracy, as described above. Dkt. 1 at 40-43. Defendant Green makes no argument for the dismissal of Mr. Whitehead's actually-pled state claims, and it will be too late for him to address them in reply. *Cooper v. Shelby Cnty.*, No. 07–2283–STA–cgc, 2010 WL 3211677, at *3 n. 14 (W.D.Tenn. Aug. 10, 2010) (collecting Sixth Circuit and district court cases holding a movant cannot raise new issues for the first time in a reply brief because "such a practice deprives the non-

moving party of its opportunity to address the new arguments"); *see also City of Taylor Gen. Emps. Ret. Sys. v. Astec Indus., Inc.*, 29 F.4th 802, 815 (6th Cir. 2022) (a party waives an issue not squarely addressed in pleadings).

### B. Defendant Green's Insufficient "Notice" Argument Based on Group Pleading Should Be Rejected.

The main thrust of Defendant Green's argument that he is entitled to qualified immunity is that he does not have fair notice of the claims against him. Dkt. 85-1 at 8-9. This makes little sense. If Defendant Green did not understand Mr. Whitehead's claims, he should have raised the argument before he answered Mr. Whitehead's complaint. Dkt. 79 (Green's Answer). But he clearly understands Mr. Whitehead's allegations against him and the other Defendants, which is why he did not deny several of the allegations *See Id.* ¶¶1, 2, 3, 11, 12, 39-41, 57-58, 62, 65-67, 69. He answered every single allegation that Mr. Whitehead pled, consistent with his view of the truth.

Notwithstanding these initial arguments, because the Defendant Officer Green has "raised the qualified immunity defense, plaintiff bears the burden of showing that defendants are not entitled to qualified immunity." *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015). "At the pleading stage, this burden is carried by alleging facts plausibly making out a claim that the defendant's conduct violated a constitutional right that was clearly established law at the time, such that a reasonable officer would have known that his conduct violated that right." *Id.* There is no heightened pleading requirement when reviewing a motion to dismiss based on qualified immunity. *Courtright*, 839 F.3d at 518. "[I]t is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity." *Wesley v. Campbell*, 779 F.3d 421, 433 (6th Cir. 2015); see also *MacIntosh v. Clous*, 69 F.4th 309, 315 (6th Cir. 2023). Although "an officer's entitlement to qualified immunity is a threshold question to be resolved at the earliest

9

point, . . . that point is usually summary judgment and not dismissal under Rule 12." *Wesley*, 779

F.3d at 433 (cleaned up, internal citation omitted) (collecting cases).

Plaintiff fully incorporates his previous responses to the qualified immunity challenge

raised by other Defendants here. *See* Dkts. XX-1, XX-1.

### i. Plaintiff Adequately Pleads that Defendant Green Violated His Constitutional Rights.

Police officers violate due process when they fabricate evidence, including false witness

testimony, for use against a criminal defendant. *Mooney v. Holohan*, 294 U.S. 103, 112–13 (1935);

*Napue v. Illinois*, 360 U.S. 264, 269 (1959). Likewise, police violate due process when they

suppress evidence favorable to a defendant. *Pyle v. State of Kansas*, 317 U.S. 213, 215–16 (1942).

This fundamental precept has been consistently reaffirmed. *E.g.*, *Brady v. Maryland*, 373 U.S. 83

(1963).

Plaintiff's complaint adequately alleges that Defendant Green violated his constitutional

rights. He alleges that the Defendant Officers, individually and acting in conspiracy with one

another, participated in the fabrication of false evidence, including through suggestive

identification procedures; deliberately suppressed and withheld exculpatory and impeachment

evidence from Mr. Whitehead, his attorneys, and prosecutors; used false evidence they had

manufactured and suppressed to cause Mr. Whitehead's unlawful arrest and to cause the institution

and continuation of criminal proceedings against Mr. Whitehead without probable cause; and

failed to intervene to prevent the violation of Mr. Whitehead's constitutional rights. Dkt. 1 ¶¶ 27–

98. These actions caused Mr. Whitehead to suffer loss of liberty and severe physical and emotional

pain and suffering. *Id.* ¶¶ 149–51, 265–97.

Defendant Officer Green's argument to the contrary is unavailing. First, he fails to address

the crux of this prong: whether his actions, as pleaded, violated Plaintiff's constitutional rights.

His only argument is that group pleading—or that allegations are "blanketly attributed," as he contends—renders it difficult to know which constitutional violations are attributed to which Defendant, therefore he cannot defend himself against the allegations. As an initial matter, he does not develop this argument in any substantive way—failing to cite even a single paragraph in the Complaint that he contends is too vague for him to understand. And, as he answered the complaint, he clearly understands Mr. Whitehead's allegations against him and the other Defendants. *Id.*

Regardless, while group pleading may be an argument as to the particularity of facts, it is not an argument to the constitutionality of certain actions. Defendant has waived any argument that these actions did not cause constitutional violations. *See McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

Each of the Defendant Officers, including Officer Green, is accused of particular allegations directed against themselves. As to Defendant Green, Plaintiff pleads that he:

- participated in the interview of James Johnson, who described the robber as between 5'6 and 5'8 and about 150 pounds. Dkt. 1 ¶¶ 39–41;
- suppressed information about Gregory Jones, who made the call falsely implicating Mr. Whitehead. *Id.* ¶ 87;
- suppressed information about Gregory Jones, who made the "anonymous" call falsely implicating Mr. Whitehead, including suppressing the aspects of Jones' involvement that would have allowed Mr. Whitehead and his counsel to uncover the truth about the Defendant Officers' investigation, and to develop evidence that would have led to Mr. Whitehead's acquittal. *Id.* ¶¶ 6, 10, 67-73, 87-90;
- suppressed, withheld, and destroyed additional exculpatory evidence. *Id.* ¶ 92;
- participated in a conspiracy with other Defendant Officers to frame Mr. Whitehead for a robbery he did not commit. *Id.* ¶¶ 63, 95-98.

Even if Mr. Whitehead's Complaint only referred to the officers as "Defendants" (which he does not), that would be sufficient under Rule 8 so long as he provided sufficient detail (which he does) in the remainder of the Complaint to put each officer on notice. *See, e.g. Spring v.*

11

*Schwarz*, 2017 WL 4130504, at *3 (N.D. Ill. Sep. 9, 2017) ("Group pleading that refers to 'Defendants' collectively is sufficient under Rule 8 when a plaintiff provides enough detail about the nature of the allegations to put each defendant on fair notice of the claims."). Defendant is completely free to admit, deny, or claim lack of knowledge as to every single allegation that Mr. Whitehead has pleaded, consistent with his view of the truth. For that reason, courts in this Circuit consistently have denied motions to dismiss in cases asserting the same "group pleading" argument that Defendant advances here. *See, e.g., Igo v. Sun Life Assurance Co. of Canada*, 652 F. Supp. 3d 929, 935 (S.D. Ohio 2023) (rejecting group pleading argument and noting that a plaintiff is entitled under Rule 8 to direct allegations against a whole group of defendants); *Gold Crest, LLC v. Project Light*, LLC, 525 F. Supp. 3d 826, 835 (N.D. Ohio 2021) (citing cases) (complaint was not subject to dismissal for group pleading because plaintiff alleged defendants collectively engaged in misconduct).

Plaintiff has adequately alleged that Defendant Green's conduct violated his established rights, and Defendant is not entitled to qualified immunity on this prong.

### ii. Plaintiff Adequately Pleads that the Unlawfulness of Defendant Green's Conduct was Clearly Established.

Furthermore, Defendant Green fails to address the second half of the qualified immunity analysis: whether unlawfulness of his conduct was clearly established at the time. He does not engage in any analysis to rebut that the unlawful conduct was clearly established at the time of Mr. Whitehead's wrongful arrest, prosecution, and conviction, nor does he argue that the specific context of the case renders the constitutional violations not clearly established – arguments one must make for a qualified immunity defense. *See Mullenix*, 577 U.S. at 11, 12 (indicating that "existing precedent must have placed the statutory or constitutional question beyond debate" and

that the "inquiry 'must be undertaken in light of the specific context of the case, not as a broad proposition'") (emphasis added) (internal citations omitted)).

Further, it has been well-established that police officers violate due process when they fabricate evidence, including false witness testimony, for use against criminal defendants. *Mooney v. Holohan*, 294 U.S. 103, 112–13 (1935); *Napue v. Illinois*, 360 U.S. 264, 269 (1959). Police officers also violate due process when they suppress evidence favorable to a defendant. *Pyle v. State of Kansas*, 317 U.S. 213, 215–16 (1942). This fundamental precept has been consistently reaffirmed. *E.g.*, *Brady v. Maryland*, 373 U.S. 83 (1963). By failing to fully address any of these issues, Defendant Green has waived any argument that his actions did not cause Mr. Whitehead's constitutional violations. *See McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

Defendant Green was completely free not to file an answer to Mr. Whitehead's well-pleaded Complaint. But he did. His argument now that he lacks notice, or that group pleading rendered it impossible for him to understand the allegations against him, is baseless and must fail.

### C. Mr. Whitehead's Section 1983 Conspiracy Claim Survives.

Mr. Whitehead alleges a federal conspiracy claim under Section 1983 against Defendant Officers. Dkt. 1 at 35. Defendant Green confusingly argues that Mr. Whitehead's conspiracy claim fails simply "because the Defendants are all City of Memphis employees". Dkt. 85-1 at 9-10.[2] In seeking to dismiss Plaintiff's claim, he relies on cases from the 1990s and a summary judgment

---

[2] This challenge was not asserted by other Defendants in their motions for dismissal, and that opportunity is now waived. *Cooper v. Shelby Cnty.*, No. 07–2283–STA–cgc, 2010 WL 3211677, at *3 n. 14.

case in inapposite circumstances. *See* Dkt. 85-1 at 9-10 (*citing Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 509–10 (6th Cir. 1991)). This is insufficient.

For starters, the *Hull* opinion Defendant Green cites to support his argument neither addresses Section 1983 conspiracy nor state law conspiracy. *Id.* at 509. Instead, the court analyzed the "intra-corporate conspiracy" doctrine under Section 1985(2). *Id. Hull* in no way addresses Section 1983 conspiracy claims, and does not bar Section 1983 conspiracy claims against police officers, as Mr. Whitehead alleges here. Defendant Green's argument is flawed, and it will be too late for him to conjure up new theories in reply. *Cooper*, 2010 WL 3211677, at *3 n. 14; *see also City of Taylor Gen. Emps. Ret. Sys. v. Astec Indus., at* 815.

Accordingly, Mr. Whitehead's Section 1983 conspiracy claim survives too.

## **CONCLUSION**

For all the foregoing reasons, Defendant Green's motion to dismiss under 12(b)(6) should be denied.

Dated: June 26, 2025

Respectfully submitted,

ARTIS WHITEHEAD

By: /s/ Meg Gould
*One of Plaintiff's Attorneys*
Jonathan Loevy, Illinois Bar No. 6218254*
jon@loevy.com
Tara Thompson, Illinois Bar No. 6279922*
tara@loevy.com
Quinn K. Rallins, Illinois Bar No. 6339556*
rallins@loevy.com
Meg Gould, New York Bar No. 5971114
rallins@loevy.com
*Admitted pro hac vice

LOEVY & LOEVY
311 North Aberdeen, 3rd Floor

14

Chicago, Illinois 60607
(312) 243-590

## CERTIFICATE OF SERVICE

I, Meg Gould, hereby certify that on June 26, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and that upon filing, such system will serve a copy of the foregoing upon all counsel of record in this action.

/s/ Meg Gould
*One of Plaintiff's Attorneys*

15