# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

---

ARTIS WHITEHEAD,

    Plaintiff,

v.                                                        Case No. 2:24-cv-02991-MSN-atc
                                                            JURY DEMAND

CITY OF MEMPHIS, JAMES HOWELL,
TERRY LYONS, ROBERT RAGLAND,
JOSEPH PEARLMAN, VIVIAN MURRAY,
THOMAS WARRICK, TIMOTHY GREEN,
EDWARD BASS, ROBERT HULL, JR., JAMES
BOLDEN, and UNKNOWN EMPLOYEES OF
THE CITY OF MEMPHIS,

    Defendants.

---

## SCHEDULING ORDER
---

Pursuant to written notice, a scheduling conference was held on Friday, July 25, 2025 at 11:30 a.m. before Judge Mark S. Norris via Microsoft Teams Video Conference. Present were Quinn Rallins and Tara Thompson, counsel for Plaintiff, and Bruce McMullen, Briana Butler, Jennie Vee Silk, and Darrell J. O'Neal, counsel for Defendants. Prior to the scheduling conference, on June 13, 2025, the parties met and conferred in compliance with Federal Rule of Civil Procedure 26(f). At the conference, the following dates were established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**: August 8, 2025

**MOTIONS TO JOIN PARTIES**: December 5, 2025

**MOTIONS TO AMEND PLEADINGS**: February 10, 2026

**MOTIONS TO DISMISS**: All briefs have been filed.

**ALTERNATIVE DISPUTE RESOLUTION:**

    **(a)   ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** January 30, 2026

    **(b)   SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c):**

        **Stipulation Filing Date:** September 8, 2025

        If the parties fail to agree on a mediator by the stipulation filing deadline, the Court will select a mediator and enter an Order informing the parties of the Court's selection.

**COMPLETING ALL DISCOVERY:** November 8, 2026

    **(a)   WRITTEN DISCOVERY:** July 9, 2026

    **(b)   DEPOSITIONS:** August 8, 2026

    **(c)   EXPERT WITNESS DISCLOSURES UNDER FED. R. CIV. P. 26:**

        **(1)   DISCLOSURE OF PLAINTIFF'S RULE 26 EXPERT INFORMATION:** October 8, 2026

        **(2)   DISCLOSURE OF DEFENDANTS' RULE 26(a)(2) EXPERT INFORMATION:** February 25, 2026

        **(3)   EXPERT WITNESS DEPOSITIONS:** November 8, 2026

**MOTIONS TO EXCLUDE EXPERTS/*DAUBERT* MOTIONS:** December 8, 2026

**FILING DISPOSITIVE MOTIONS:** December 8, 2026

**JOINT PROPOSED PRE-TRIAL ORDER DUE:** Friday, April 9, 2027

**PRE-TRIAL CONFERENCE DATE:** Friday, April 16, 2027, at 9:30 a.m.

**JURY TRIAL:** Monday, April 26, 2027, at 9:30 a.m. Trial is anticipated to last approximately 7–10 days.

The parties **do not** consent to trial before the Magistrate Judge.

**OTHER RELEVANT MATTERS:**

    As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have not reached an agreement

regarding e-discovery and will comply with the default standards described in Local Rule 26.1(e) until such time, if ever, the parties reach an agreement and the Court approves the parties' e-discovery plan. The Parties will file an ESI stipulation by September 8, 2025.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

Pursuant to Local Rule 16.3(d), within seven (7) days of completion of ADR, the parties shall file a notice via ECF confirming that the ADR was conducted and indicating whether it was successful or unsuccessful without disclosing the parties' respective positions in the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56, without leave of the court. Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within 7 days of service of the response, setting forth the reasons why a reply is required.

***This order has been entered after consultation with the Parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.***

**IT IS SO ORDERED**, this 25th day of July, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE