**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| ARTIS WHITEHEAD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-CV-02991 |
| | ) | JURY DEMAND |
| CITY OF MEMPHIS, JAMES HOWELL, | ) | |
| TERRY LYONS, ROBERT RAGLAND, | ) | |
| JOSEPH PEARLMAN, VIVIAN MURRAY, | ) | |
| THOMAS WARRICK, TIMOTHY GREEN, | ) | |
| EDWARD BASS, ROBERT HULL, JR., | ) | |
| JAMES BOLDEN, and UNKNOWN | ) | |
| EMPLOYEES OF THE CITY OF MEMPHIS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF MEMPHIS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION TO COMPEL**

Defendant City of Memphis (the "City") submits this Response to Plaintiff Artis Whitehead's First Motion for Leave to File Reply ("First Motion," ECF No. 108) and his Corrected Motion for Leave to File Reply ("Corrected Motion," ECF No. 109) in support of Motion Compel (ECF No. 105).

Plaintiff's counsel improperly asserted in the certification of consultation in the First Motion that the parties consulted on Plaintiff's Motion for Leave and that the City took no position on the relief sought in the Motion. (*See* ECF No. 108, PageID 780.) This is not so. When Plaintiff filed the First Motion with this incorrect statement, the City emailed Plaintiff promptly. To be clear, the City *opposes* Plaintiff's Motion for Leave to File a Reply because the request is improper, unnecessary, and premised on a misleading characterization of the parties' discussions.

1

4915-8323-2411

In further support, the City states as follows:

1.    Plaintiff filed his Motion to Compel on March 4, 2026, thirty hours after sending the City a demand to supplement its discovery responses. (*See* ECF No. 105-10, PageID 760.)

2.    The City timely filed a response and noted, among other things, that the City is in compliance with its discovery obligations and that Plaintiff's Motion to Compel was filed **without** the required conferral under the Local Rules (*see* ECF No. 107).

3.    After the City identified this deficiency in its Response (*see* ECF No. 107), Plaintiff emailed the City the next day to schedule a meet-and-confer call.

4.    On the same day, Plaintiff also served "Requests to Admit" on the City which listed dates of birth for some of the individuals listed in Plaintiff's Second RFP No. 1 which sought "all Documents, including . . . Communications" concerning twenty-one individuals identified only by name, without any additional information such as dates of birth, badge numbers, employment dates, or any other identifiers.[1]

5.    This sequence matters because a party cannot cure a failure to comply with mandatory pre-filing conferral requirements by attempting to confer *after* the motion has already been filed.

6.    Nevertheless, the parties held a meet and confer call on March 25, 2026, specifically to discuss Plaintiff's alleged issues with the City's discovery responses.

7.    During that discussion, and consistent with the City's ongoing rolling productions, the City explained that it had located the final group of policies from the 1997–2007 timeframe

---

[1] Please note that in the City's Response to Plaintiff's Motion to Compel the City noted that "Plaintiff never raised an issue with the City's objection and response to Second RFP No. 1 until thirty hours before he filed his Motion to Compel." (*See* ECF No. 107 at PageID 775.) And this objection was not a conferral or consultation. It was a demand for supplementation despite the City lodging an appropriate objection to Plaintiff's facially improper requests for production,

that could be found, would be producing them shortly, and would supplement its discovery responses with corresponding Bates numbers.

8.     The City also explained that it had received the dates of birth listed in Plaintiff's "Requests to Admit" and would update Plaintiff's on the result of this search for responsive documents by April 1, 2026.

9.     These are precisely the types of issues that ***should have*** been addressed through a proper pre-motion conferral.[2]

10.     The post-motion to compel meet-and-confer further demonstrates that the Motion to Compel was premature, unnecessary, and filed in violation of Local Rule 7.2(a)(1)(B).

11.     After the meet-and-confer, Plaintiff filed a Motion for Leave in which Plaintiff asserted that the parties conferred on Plaintiff's Motion for Leave to File Reply. In the First Motion, Plaintiff stated that the City took no position on the request for leave. This is incorrect. The discussion between counsel during the meet-and-confer was focused on the underlying discovery issues and at no point did the City indicate that it did not take any position on a motion for leave.

12.     To the contrary, during the call Plaintiff stated that he intended to file a reply brief, and counsel for the City advised, as a professional courtesy, that in this district you do not have a reply as of right on a discovery motion and advised that a party must move for leave to file a reply.

---

[2] The City also vehemently disagrees with the substance of Plaintiff's "summary" of the meet and confer call (*see* ECF No. 108-1 and ECF No. 109-1) which appears to be a generated and self-serving summary of the parties' meet and confer call. It appears Plaintiff may have recorded or used a transcription service to record the call, to which the City has now made clear to Plaintiff that it does **not** consent to. *See* Ex. A to this Response.

4915-8323-2411

13.    Plaintiff's counsel **never** asked the City whether it opposed, consented to, or took no position on his requests for leave to file a reply.

14.    Thus, the parties did not confer regarding the City's position on a motion that Plaintiff did not even know that he needed to file.

15.    Local Rule 7.2(a)(1)(B) states in pertinent part:

(B) Consultation by Counsel. All motions, including discovery motions but not including motions pursuant to Fed. R. Civ. P. 12, 56, 59 and 60 shall be accompanied by a certificate of counsel or the parties proceeding pro se affirming that, **after consultation between the parties to the controversy, they are unable to reach an accord as to all issues or that all other parties are in agreement with the action requested by the motion.** Failure to attach an accompanying certificate of consultation may be deemed good grounds for denying the motion.

This conversation never happened with this Motion for Leave or the underlying Motion to Compel.

16.    When the City saw Plaintiff's filing and incorrect certificate of consultation, counsel for the City emailed Plaintiff's counsel **twenty-six minutes** after the Motion was filed. *See* Correspondence attached hereto as **Exhibit A**.

17.    Plaintiff improperly conflates the parties' post-motion conferral on the underlying discovery responses—which should have occurred before filing the Motion to Compel—with a separate and distinct consultation on a motion for leave, which never occurred. *See* **Exhibit A**.

18.    In any event, the City opposes Plaintiff's requests for leave to file a reply.

19.    First, Plaintiff's first and corrected request for leave to file a reply improperly attempts to reframe the issue as whether the parties can resolve the purported disputes between now and a future date, but the necessity of a reply is irrelevant where the underlying motion to compel was procedurally improper and should not have been filed in the first place.

4

20.     Second, Plaintiff has not identified any legitimate basis for a reply. A reply is not a vehicle to correct procedural missteps, nor is it warranted to revisit issues that could have—and should have—been addressed before filing the underlying motion. The Court already has the relevant facts before it, including Plaintiff's failure to comply with the Local Rules and the City's compliance with its discovery obligations. (*See* ECF No. 107.)

21.     For these reasons, the City respectfully requests that the Court deny Plaintiff's Motion for Leave to File a Reply.

DATED: April 1, 2026

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

*s/ Bruce McMullen*
Bruce McMullen (#18126)
Jennie Vee Silk (#35319)
Briana J. Butler (#40566)
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
bmcmullen@bakerdonelson.com
jsilk@bakerdonelson.com
bbutler@bakerdonelson.com

*Attorneys for Defendant City of Memphis and Defendants Thomas Warrick, James Howell, Robert Ragland, Edward Bass, Joseph Pearlman, Vivian Murray, James Bolden and Terry Lyons*

## CERTIFICATE OF SERVICE

I, Bruce McMullen, hereby certify that on April 1, 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and that upon filing, such system will

5

4915-8323-2411

serve a copy of the foregoing upon all counsel of record in this action.

*s/ Bruce McMullen*
Bruce McMullen

4915-8323-2411