**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ARTIS WHITEHEAD,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 2:24-cv-02991-BCL-atc** |
| **CITY OF MEMPHIS, et al.,** | ) | |
| **Defendants.** | ) | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

Before the Court by Order of Reference is Plaintiff Artis Whitehead's Motion to Compel Defendants to Respond to Discovery, filed on March 4, 2026. (ECF No. 105.)[1] Defendant City of Memphis ("the City") filed a Response in Opposition to the Motion on March 18, 2026. (ECF No. 107.)[2] With leave of Court, Whitehead filed a Reply on October 15, 2026. (ECF No. 123.) For the following reasons, the Motion is granted in part and denied in part.

**BACKGROUND**

Whitehead brings this case against the City and the Defendant Officers to recover for damages he allegedly suffered after he was "wrongfully convicted and spent nearly two decades in prison for a 2002 robbery at the B.B. King's Blues Club on Beale Street in Memphis,

---

[1] On April 3, 2026, District Judge Brian C. Lea referred the Motion to the undersigned for determination. (ECF No. 112.)

[2] Though the underlying discovery requests are directed at "All Defendants" and the Motion is titled as a request to compel "Defendants" to provide additional discovery responses, the Motion seeks to compel further responses only from the City, and not the individually-named Defendant Officers: James Howell, Terry Lyons, Robert Ragland, Joseph Pearlman, Vivian Murray, Thomas Warrick, Edward Bass, James Bolden, and Timothy Green. (*See* ECF Nos. 105, 107, 123.)

Tennessee—a crime he did not commit." (ECF No. 1 ¶ 1.) According to Whitehead, his conviction was based on the Memphis Police Department's ("the MPD") fabrication and suppression of evidence, and, "[o]n December 15, 2023, the Shelby County Criminal Court vacated Mr. Whitehead's convictions. That same day, Mr. Whitehead walked out of prison after nearly 21 years in a cage." (*Id.* ¶¶ 17–19.) Among other claims, Whitehead brings "policy and practice" *Monell* claims against the City under 42 U.S.C. § 1983. (*Id.* at 28–38.) Whitehead and the City have engaged in extensive discovery relating to the MPD investigation of the 2002 robbery, Whitehead's prosecution and conviction in 2003, and the City's applicable policies, procedures, and training materials from that time period. (*See* ECF Nos. 105-4, 105-5, 123-3.)

In his Motion, Whitehead seeks to compel the City to "complete its production in response to Plaintiff's First Set of Requests for Production Nos. 2, 4, 15, 40, 43, 44, and Plaintiff's [Second] Set of Requests for Production No. 1, and supplement its responses to Interrogatory No. 6." (ECF No. 105-1, at 1.) Whitehead's Interrogatory No. 6 and First Set of Requests for Production ("1st RFP") Nos. 40, 43, and 44 request information relating to the City's policies, procedures, and training materials concerning MPD criminal investigations. (ECF No. 105-1, at 12; ECF No. 105-4, at 12–15; ECF No. 123-3, at 6–13.) Whitehead's 1st RFP Nos. 2, 4, and 15 and Second Set of Requests for Production ("2nd RFP") No. 1 seek documents relating to the MPD's investigation of the 2002 robbery, specifically other suspects that were investigated for the crime. (ECF No. 105-1, at 12; ECF No. 105-4, at 2–3, 6; ECF No. 105-5, at 2–3.) Whitehead contends that each of these discovery requests seeks information relevant to his claims, particularly his *Monell* claims, and that the City has failed to adequately and timely respond. (*See* ECF Nos. 105-1, 123.)

In response, with the exception of 2nd RFP No. 1, the City does not contend that these discovery requests seek irrelevant information or are otherwise objectionable. (*See* ECF No. 105-4, at 12–15; ECF No. 107, at 2–6; ECF No. 123-3, at 6–13.) Rather, the City asserts that it has produced and continues to search for responsive information but that its search has been significantly hampered by the passage of time and the fact that otherwise responsive documents "no longer exist due to routine purging, flood-related losses in 2010, and the fact that MPD did not digitize its training materials until 2016." (ECF No. 107, at 2, 10.) With respect to 2nd RFP No. 1, the City argues that it is vague, ambiguous, overbroad, and unduly burdensome and that Whitehead failed to adequately consult about it prior to filing his Motion. (ECF No. 105-5, at 2–3; ECF No. 107, at 12–13.)

**ANALYSIS**

**I. Standard of Review**

In the Sixth Circuit, "the scope of discovery is extremely broad under the Federal Rules of Civil Procedure and is . . . within the broad discretion of the trial court." *Clark Constr. Grp., Inc. v. City of Memphis*, 229 F.R.D. 131, 137 (W.D. Tenn. 2005) (citations and quotations omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "The party seeking discovery is obligated to demonstrate relevance." *Fusion Elite All Stars v. Nfinity Athletic LLC*, No. 2:20-cv-02600-SHL-tmp, 2022 WL 1175691, at *3 (W.D. Tenn. Apr. 20, 2022) (citing *Johnson v. CoreCivic, Inc.*, No. 2:18-cv-01051-STA-tmp, 2019 WL 5089086, at *2 (W.D. Tenn. Oct. 10, 2019)). "Showing relevance is an 'extremely low bar,'" and evidence is relevant "if it has '*any* tendency to make a fact more or less probable.'" *Cain v. City of Detroit*, No. 20-cv-11099, 2022 WL 3337135, at *1 (E.D. Mich. Apr. 22, 2022) (quoting

*In re Ford Motor Co. Spark Plug & 3-Valve Engine Prod. Liab. Litig.*, 98 F. Supp. 3d 919, 925 (N.D. Ohio 2014)).

If relevance is shown, "the party resisting discovery bears the burden of demonstrating why the request is unduly burdensome or otherwise not discoverable under the Federal Rules." *Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 310 (W.D. Tenn. 2008) (collecting cases). To determine whether discovery is unduly burdensome or not proportional to the needs of the case, "six factors are relevant to proportionality: (1) 'the importance of the issues at stake in the action;' (2) 'the amount in controversy;' (3) 'the parties' relative access to relevant information;' (4) 'the parties' resources;' (5) 'the importance of the discovery in resolving the issues;' and (6) 'whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *Johnson v. CoreCivic, Inc.*, No. 18-cv-1051-STA-tmp, 2019 WL 5089086, at *2 (W.D. Tenn. Oct. 10, 2019) (quoting Fed. R. Civ. P. 26(b)(1)).

## II. MPD Policies, Procedures, and Training Materials

With respect to 1st RFP Nos. 40, 43, and 44, Whitehead contends that the City has not diligently completed its search for and production of responsive documents and remains unsatisfied with the City's document production to date. (ECF No. 105-1, at 6–12; ECF No. 123, at 3–6.) "It is well settled that 'Rule 34 requires a party to produce documents that already exist and a party does not have to create a document in response to a request for production.'" *United States ex rel. Griffis v. EOC Tech.*, No. 3:10-cv-204, 2024 WL 3852128, at *4 (E.D. Tenn. Aug. 16, 2024) (quoting *Harris v. Advance Am. Cash Ctrs., Inc.*, 288 F.R.D. 170, 174 (S.D. Ohio 2012)). "Also, 'the Court cannot compel a party to provide information that he or she does not possess any more than it can compel that party to produce documents that do not exist or are *not in his possession, custody or control*.'" *Anderson v. Cnty. of Wayne*, No. 2:22-

cv-12828, 2024 WL 4136401, at *4 (E.D. Mich. Sept. 10, 2024) (quoting *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 569 F. Supp. 3d 626, 639 (E.D. Mich. 2021)) (cleaned up). "Ordinarily, the representation of a party's attorney that no additional documents exist is sufficient to defeat a motion to compel absent credible evidence that the representation is inaccurate." *Gower v. City of Massillon*, No. 5:24-cv-01139, 2026 WL 1172783, at *7 (N.D. Ohio Apr. 30, 2026) (quoting *Snyder v. Fleetwood RV, Inc.*, No. 2:13-cv-1019, 2016 WL 339972, at *6 (S.D. Ohio Jan. 28, 2016)); *see also id.* ("Plaintiffs do not seem to dispute defense counsel's representations on these matters, and they have not pointed to evidence that defense counsel's representation is inaccurate.").

Here, counsel for the City represents that any responsive documents located thus far have been produced; that some number of otherwise responsive documents no longer exist due to the passage of time, the 2010 flood, or the lack of records digitization before 2016; and that the search for responsive documents continues. In the face of those representations, Whitehead merely complains of delay and a lack of diligence. The Court cannot compel the City to produce what no longer exists, and Whitehead has provided no credible evidence that counsel for the City's representations are inaccurate. The City shall continue searching for documents responsive to 1st RFP Nos. 40, 43, and 44 and produce any additional documents, or inform Whitehead that no additional documents were located, by November 13, 2026.[3]

With respect to Interrogatory No. 6, the result is largely the same, except that Whitehead also complains that "[t]he City inappropriately answers this interrogatory as if it were a[]

[3] Of course, nothing herein alleviates the City from its ongoing duty under Rule 26(e) to supplement its discovery responses after November 13th or prevents Whitehead from investigating the City's document location and production efforts through, for example, a Rule 30(b)(6) deposition.

document request, listing dozens of policies without stating whether specific policies were actually 'in place' during the robbery investigation, and without identify[ing] which policies cover which identified topics." (ECF No. 123, at 4.) The City supplemented its response to Interrogatory No. 6, stating that "training course materials from this time period cannot be retrieved" but identifying (1) files from the Defendant Officers' "in-service specialized training that [they] received" and (2) "all polices from this time period" that "could be located." (ECF No. 123-3, at 9.) The City's response appears to conform with Rule 33(d)(1), as it has "specif[ied] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Nevertheless, when continuing its search for and production of responsive documents by November 13th as discussed above, the City shall further supplement its response to Interrogatory No. 6 as necessary.

## III. MPD Investigation of the 2002 Robbery

With respect to Whitehead's 1st RFP Nos. 2, 4, and 15, the City reasserts the difficulty it faces in searching for responsive documents due to the passage of time, the 2010 flood, and the lack of records digitization before 2016. (ECF No. 107, at 2–6, 11–12.) The result is thus the same as above. The City shall continue searching for documents responsive to 1st RFP Nos. 2, 4, and 15 and produce any additional documents by November 13th, or inform Whitehead that no additional responsive documents were located.[4]

[4] In his Motion and Reply, Whitehead mentions the City's allegedly inadequate response to 1st RFP No. 5. (ECF No. 105-1, at 7; ECF No. 123, at 5.) It is not clear whether Whitehead intended to raise 1st RFP No. 5 in his Motion or whether this is a typo when attempting to address 1st RFP "Nos. 2, 4, and 15 (missing suspects)." (ECF No. 105-1, at 12.) As such, 1st RFP No. 5 is not addressed herein. Notably, however, 1st RFP No. 5 similarly involves documents relating to MPD's investigation of the 2002 robbery, and the City similarly does not

With respect to 2nd RFP No. 1, the City objects that the request is unbound by a clear time period (ECF No. 105-5, at 2–5) and only provides first and last names of twenty-one individuals, without additional identifying information; thus, the City asserts that "searches did not return results because names alone—even common names with multiple variations—are insufficient to identify custodians or reliably locate responsive records across MPD systems" (ECF No. 107, at 13). The City goes on to claim that, "[h]ad Plaintiff conferred and supplied identifiers, the parties likely could have worked together to resolve this issue without court intervention." (*Id.*)

Though Whitehead adequately consulted on his other discovery requests before filing the Motion, his consultation efforts on 2nd RFP No. 1 appear to have been insufficient. (*See* ECF No. 105-10; ECF No. 107, at 12–13.) The parties are therefore ordered to consult by October 23, 2026, to discuss whether Whitehead has any additional identifying information regarding the twenty-one individuals in 2nd RFP No. 1. Thereafter, the City shall produce any responsive documents located by November 13th. The timeframe of 2nd RFP No. 1 is limited to that of other of Whitehead's document requests: "beginning five years before the Beale Street Robbery and continuing one year past Plaintiff's criminal trial." (*See* ECF No. 105-4, at 14–15.)

**CONCLUSION**

For the reasons discussed above, Whitehead's Motion to Compel (ECF No. 105) is GRANTED IN PART and DENIED IN PART. The parties shall consult regarding 2nd RFP No. 1 by October 23rd. The City shall search for and produce any additional information and documents responsive to 1st RFP Nos. 2, 4, 15, 40, 43, and 44; 2nd RFP No. 1; and Interrogatory

---

object to 1st RFP No. 5 as irrelevant or otherwise (ECF No. 105-4, at 3), indicating that any dispute regarding 1st RFP No. 5 would likely be resolved in the same way.

No. 6 by November 13th, or notify Whitehead by that date if no such additional documents are found.

SO ORDERED this 16th day of October, 2026.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE